Reported by Arthur N. Green, Esq.,<br>York, Pa.

---

# Miller v. Pesto.

A Justice has no jurisdiction in a civil suit unless the summons shall have been served in accordance with the Act of July 9, 1901.

## JURISDICTION—SERVICE OF SUMMONS.

No. 293, March Term, 1902, C. P. of Lycoming County. Certiorari to W. H. Jones, Justice of the Peace of Pine Township.

Miller v. Pesto.

Mortimer C. Rhone, Esq., for defendant.

No appearance for plaintiff.

The defendant is a lumber jobber operating in this county and the plaintiff was an employee. The docket of the Justice explains what was involved, etc.

## CIVIL SUIT.

Summons in assumpsit issued December 13, 1901, returnable December 18, 1901, between 1 and 2 o'clock p. m.

Summons returned December 18, 1901, "Served on the defendant by leaving a true copy of the original summons at his camp in Otter Run with his bookkeeper." So answers F. P. Hilliard.

December 18, 1901, plaintiff appears and claims balance due for wages, $10.55. Defendant does not appear. Plaintiff swears to claim. Judgment publicly for $10.55. Certified properly by Justice.

A few days after rendering this judgment the Justice died and certiorari was issued to Robert Wood, the next Justice who took possession of the docket of the deceased Justice. The following exception was filed by Mortimer C. Rhone, Esq., counsel for defendant:—

"The judgment is void in this case because the return of the Constable shows that he did not serve the summons in accordance with any of the sections of the Act of July 9, 1901, which Act prescribes in what manner all writs of summons, etc., shall hereafter be served."

Opinion by HART, P. J.

And now April 14, 1902, this case having been heard and it appearing from the record that the defendant was not served personally nor that such service was made as required by law, the specification of error is sustained and proceeding and judgment reversed.

Reported by Mortimer C. Rhone, Esq.,
Williamsport, Pa.